UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PETER TSOLKAS,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>Defendant. | Civil Action No. 24-2318 (BAH) |

## **ANSWER**

Defendant, the Federal Bureau of Investigation ("FBI"), hereby answers Plaintiff's Complaint, ECF No. 1. This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

Defendant responds below to the separately numbered paragraphs and prayer for relief contained in the Complaint. To the extent that any allegation is not admitted herein, it is denied. Defendant respectfully refers the Court to all the referenced communications, quotes from external documents, statutes, or other sources as the best evidence of their contents. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant answers as follows:

## PRELIMINARY STATEMENT[1]

1. The allegations of Paragraph 1 of the complaint consists of legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations.

## PARTIES, JURISDICTION, VENUE

2. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint.

3. The allegations of Paragraph 3 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, Defendant admits only that it is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), that the FBI is a component of the Department of Justice, and that it is headquartered at 935 Pennsylvania Avenue NW, Washington, DC 20535. Defendant at this point lacks knowledge or information sufficient to form a belief as to whether it has possession, custody, and control of the records Plaintiff seeks and therefore denies the remaining allegations.

4. Paragraph 4 contains Plaintiff's statement of jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this action subject to the terms and limitations of FOIA.

5. Paragraph 5 contains Plaintiff's statement of venue to which no response is required. To the extent a response is required, Defendant admits that this is a proper venue for FOIA claims.

---

[1] For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

**The FOIPA Request – No. 1633720-000**

6. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7. Defendant lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that on May 6, 2024, Plaintiff submitted a FOIA request to FBI. The May 6, 2024, FOIA request speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that request for a complete and accurate statement of its contents.

9. Defendant admits that on May 8, 2024, FBI sent a response to Plaintiff regarding their FOIA request and informing Plaintiff that it had assigned a tracking number. The May 8, 2024, letter speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

10. Defendant admits it has sent no further correspondence to Plaintiff since its May 8, 2024, letter.

11. Defendant admits.

**CAUSE OF ACTION FOR VIOLATION OF 5 U.S.C. § 552(a)(6)(A)(i)**

In response to the unnumbered paragraph under Plaintiff's cause of action, Defendant pleads that it incorporates by reference all of its responses to paragraphs 1-11 as if set forth fully herein.

12. Paragraph 12 contains Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff submitted a FOIA request to the FBI. Defendant denies the remaining allegations.

13. Defendant admits and respectfully refers the Court to its May 8, 2024, letter for a

complete and accurate statement of its contents.

14. Paragraph 14 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

15. Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

16. Paragraph 16 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

17. Paragraph 17 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

18. Paragraph 18 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## REQUESTED RELIEF

The allegations following the "Requested Relief" heading of Plaintiff's Complaint, including subparts (A)-(F), constitute Plaintiff's request for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1. The Court lacks subject matter jurisdiction over Plaintiff's request to the extent that any requested relief exceeds the relief authorized by the FOIA. *See* 5 U.S.C. § 552.

2.	Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552, where disclosure would cause foreseeable harm.

3.	At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority, and exceptional circumstances that necessitate additional time for Defendant to process Plaintiff's FOIA request.

4.	Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

5.	Defendant has not improperly withheld records requested by Plaintiff under FOIA.

6.	Plaintiff is neither eligible for nor entitled to attorney's fees under 5 U.S.C. § 552(a)(4)(E), and is not entitled to injunctive relief, declaratory relief, mandamus, or any damages whatsoever.

7.	Defendant respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

\*   \*   \*

Dated: September 13, 2024
Washington, DC

        Respectfully submitted,

        MATTHEW M. GRAVES, D.C. Bar #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division

        By:    */s/ Stephen DeGenaro*
        STEPHEN DEGENARO
        D.C. Bar #1047116
        Assistant United States Attorney
        United States Attorney's Office
        601 D Street, N.W.
        Washington, D.C. 20530
        Telephone:  (202) 252-7229
        Email:  Stephen.DeGenaro@usdoj.gov

        *Attorneys for the United States of America*